UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| AMY HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 5:05-CV-0109-C |
| | § | ECF |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Amy Hernandez seeks judicial review of a decision of the Commissioner of

Social Security denying her application for Disability Insurance Benefits (DIB).  The United

States District Judge, pursuant to 28 U.S.C. § 636(b), referred this case to the United States

Magistrate Judge for report and recommendation, proposed findings of fact and conclusions

of law, and a proposed judgment.  After reviewing the administrative record and the

arguments of both parties, this court recommends that the District Court affirm the

Commissioner's decision.

## I.    Standard of Review

A district court's role in reviewing Social Security appeals is limited to determining

whether the Commissioner's decision is supported by substantial evidence and whether

proper legal standards were used to evaluate the evidence.  42 U.S.C. § 405(g); *Watson v.

Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002) (citing *Brown v. Apfel*, 192 F.3d 492, 496

(5th Cir. 1999)).  The Commissioner's decision is granted great deference and will not be

disturbed unless the court cannot find substantial evidence in the record to support the

Commissioner's decision or finds that the Commissioner made an error of law.  *Leggett v.*

*Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

## II.    Statement of the Case

The Administrative Law Judge (ALJ) determined at the fifth step of the sequential

disability evaluation process[1] that Hernandez retained the residual functional capacity to

perform sedentary work.  Based on that determination and testimony from a vocational

expert, the ALJ determined under Rule 201.25 of the Medical-Vocational Guidelines ("the

Grids") that Hernandez was not disabled.

Hernandez brings two points of error in this appeal.  She contends that the ALJ erred

in determining that she was capable of performing sedentary work and that he erred in

relying on the Grids to determine that she was not disabled.

## III.    Discussion

Hernandez' points of error are grounded on arguments that the ALJ failed to properly

assess her pain and the effect it would have on her ability to work.  In regard to her

contention that the ALJ erred in determining that she was capable of sedentary work,

Hernandez argues that evidence from physicians indicates that she is incapable of performing

---

[1]

In order to determine whether a claimant is disabled, the Commissioner considers the claimant's claim under a five-step sequential evaluation process.  20 C.F.R. § 404.1520 (2005); *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).  Under the sequential inquiry, the hearing officer decides whether: (1) the claimant is not working in substantial gainful activity; (2) the claimant has a severe impairment; (3) the claimant's impairment meets or equals a listed impairment in Appendix I of the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other work.  *Id.*

sedentary work and that the ALJ failed to properly consider her pain and failed to incorporate limitations caused by her pain into his residual functional capacity finding.

Hernandez points to a notation by consulting and examining physician, Rosaria Taimouri, M.D., that Hernandez was "not able to do the type of work that she use[d] to do due to poorly controlled pain." (Tr. 189.) Dr. Taimouri's statement regarding Hernandez' "poorly controlled pain" was a notation of Hernandez' subjective complaints of pain rather than Dr. Taimouri's own observations of Hernandez' pain. This conclusion is founded on the fact that Dr. Taimouri examined Hernandez on only one occasion and noted at that time that Hernandez appeared to be in no apparent distress. Dr. Taimouri's statement that Hernandez could no longer perform her past work does not diminish the ALJ's findings because he was also of the opinion that Hernandez could no longer perform her past work. (Tr. 19.)

Hernandez also points out that her treating physician, Mimi Zumwalt, M.D., indicated that she was restricted to jobs that could be performed while sitting. Hernandez, however, is mistaken. Dr. Zumwalt completed a standardized medical release form generated by the Texas Department of Human Services. (Tr. 228.) On this form she checked a box to indicate that Hernandez was capable of performing keyboarding operations for a maximum period of eight hours per day. (*Id*.) Although the standardized form included other boxes which Dr. Zumwalt could have checked that would indicate the number of hours per day she believed Hernandez was capable of sitting and standing during an eight-hour workday, she did not utilize those boxes and therefore did not indicate whether she believed that

Hernandez was capable of sitting or standing for long periods.  Given that Dr. Zumwalt was provided the opportunity to indicate her belief as to Hernandez' ability to sit and stand and viewing the standardized form as a whole, it appears that Dr. Zumwalt's checking of the box at issue is indicative of her opinion regarding Hernandez' ability to use her hands rather than her ability to sit and stand.  (*See id*.)

Finally, Hernandez argues that the ALJ determined that her allegations of debilitating pain were not entirely credible but failed to state how much credibility he gave her allegations.  In connection with this argument she contends that even though the ALJ found that her allegations were not credible, he was required to consider them in determining her residual functional capacity.

Pain may constitute a non-exertional factor that limits the range or types of jobs an individual can perform.  *Carter v. Heckler*, 712 F.2d 137, 142 (5th Cir. 1983).  Therefore, although an ALJ may find that pain does not preclude a claimant from working, the ALJ should consider  the claimant's complaints of pain as a factor that would limit the types of work the claimant can perform. *Id*.

In this case, the ALJ's decision makes clear that he incorporated Hernandez' impairments, including her related pain, into his residual functional capacity determination. The ALJ recognized Hernandez' allegations of pain by noting that her impairments caused pain and significant limitations that prevented her from performing work that would require "much standing and walking," and determined that she was restricted to sedentary work. (Tr. 18-19.)

Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.   20 C.F.R. § 404.1567(a). The Commissioner's Rulings indicate that the "occasional" walking and standing required of sedentary work should be understood to mean that walking and standing is required very little and up to no more than two hours at intermittent times during an eight-hour workday. S.S.R. 83-1, 1983 WL 31251 at *5.

Based on the record, substantial evidence supports the ALJ's determination that despite severe impairments, Hernandez could perform the foregoing functions.  Hernandez alleged that problems and pain in her knees and back prevented her from working.  However, the records include numerous indications that her pain was intermittent and controlled with treatment and that strength in her extremities was 5/5. (Tr. 135, 172, 210, 212, 234, 261-62, 269.)  Further, x-rays showed only degenerative changes in Hernandez' back (Tr. 195) and "mild" or "minimal" osteoarthritis in her knees with compartment thinning and some instability, (Tr. 188, 199, 238-39).   During the period of administrative proceedings, Hernandez attended classes for four hours per day and reported that her classes required a lot of sitting. (Tr. 138, 212.)  She further reported that she could walk about one-half block before feeling discomfort.  (Tr. 37, 184.)  Finally, a document generated less than two months prior to the hearing by a physician at the Texas Tech University Health Sciences

Center indicates that Hernandez was capable of performing the requirements of sedentary

work.  (Tr. 160.)

An ALJ's determination as to the non-disabling nature of a claimant's subjective

complaints of pain is entitled to considerable judicial deference.  *Falco v. Shalala* 27 F.3d

160, 163 (5th Cir. 1994).  Even in a case in which the evidence indicates a mixed record

concerning a claimant's health problems and limitations upon his ability to work, it is the

ALJ's responsibility to weigh the evidence; the court is then charged with determining

whether there is substantial evidence in the record as a whole to support the ALJ's

determination. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) (citation omitted).

In this case, there is substantial evidence to support the ALJ's determination that Hernandez'

pain was not disabling and that she was capable of performing sedentary work; therefore, the

court must find that the ALJ did not err in determining Hernandez' residual functional

capacity.

Likewise, the court must find that the ALJ did not err in relying on the Grids to

determine that Hernandez was not disabled.  Located in the Commissioner's regulations at

appendix 2 of part 404, the Grids consist of rules that direct a finding of disability when the

claimant's qualifications correspond to the job requirements under a particular rule.

*See* 20 C.F.R. pt. 404, subpt. P., app. 2.

After determining a claimant's residual functional capacity, the ALJ may consult the

Grids to determine whether work exists in the national economy that he can perform, given

the claimant's residual functional capacity, age, education, and work experience.  *Heckler*

*v. Campbell*, 461 U.S. 458, 461-62 (1983).  However, the ALJ may rely exclusively on the Grids only when the characteristics of the claimant correspond to the criteria of a rule within the Grids and the claimant suffers only from exertional impairments or has non-exertional impairments that do not significantly affect his ability to work; otherwise, the ALJ must elicit vocational expert testimony.  *See, e.g., Crowley v. Apfel*, 197 F.3d 194, 199 (5th Cir. 1999).

In this case, the evidence, as discussed above, demonstrates that Hernandez' pain would not significantly affect her ability to perform the requirements of sedentary work. Therefore, the ALJ did not err in relying on the Grids.

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A), 42 U.S.C. § 1382c(a)(3)(B); *see* 20 C.F.R. §§ 404.1505, 416.911.  The Commissioner has shown with substantial evidence that Hernandez can perform other work existing in the national economy; therefore, the decision is conclusive and must be affirmed.  *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

## IV.    Recommendation

Based on the foregoing discussion of the issues, evidence and the law, this court

7

recommends that the United States District Court affirm the Commissioner's decision and dismiss Hernandez' appeal with prejudice.

## V.   <u>**Right to Object**</u>

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within ten days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court.  A party's failure to file written objections within ten days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated:   February 21, 2006.

_____
NANCY M. KOENIG
United States Magistrate Judge

8